### KENNEDY *et al.* v. MAGONE.

(*Circuit Court, S. D. New York.* February 7, 1890.)

CUSTOMS DUTIES—ENTRY AND APPRAISAL—ABSENCE OF INVOICE—HAULING AND STORAGE.
  Where an importer chooses to enter goods of less value than $1,000 without a certified invoice, charges for cartage to the appraiser's stores, and for storage and labor at such stores, may properly be exacted by the government.
(*Syllabus by the Court.*)

At Law.

This was an action brought against a collector of the port of New York to recover the sum of 70 cents, exacted for expenses attendant upon the examination of goods imported by plaintiffs. In April, 1888, there arrived at the port of New York, per steamer Ohio, two packages of guide-books. No one appearing within 24 hours to claim the same, they were sent by the collector of the port to a bonded warehouse in Jersey City. On October 3d plaintiffs applied to the collector for permission to enter said packages without invoice, on the ground that their value was less than $100. An order was thereupon issued for the transfer of said goods to the public stores for examination by the appraisers. Plaintiffs having paid the charges of the owner of the warehouse in Jersey City, the goods were taken on the public truck to the building at 402 Washington street, New York city, occupied by the appraisers. On examination, the goods were found to be "printed matter" of the value of $15, dutiable at 25 per cent. On October 17th plaintiffs received their goods on payment of $3.75 for duties, and 70 cents for charges and expenses, as follows: Cartage to appraisers' stores, 15 cents on each package; labor at stores, 10 cents on each package; storage one month, 10 cents on each package. The suit was brought to recover these charges, and it was shown that cartage and storage were never exacted by the government on goods which were entered on invoice. At the close of the case, defendant's counsel moved to direct a verdict in his favor, on the ground that the charges were justified by section 2926 of the Revised Statutes, which provides that "all merchandise, of which incomplete entry has been made, or an entry without the specification of particulars, either for want of the original invoice, or for any other cause, or which has received damage during the voyage, shall be conveyed to some warehouse or store-house, to be designated by the collector, in the parcels or packages containing the same, there to remain, with due and reasonable care, at the expense and risk of the owner or consignee, under the care of some proper officer, until the particulars, cost, or value, as the case may require, shall have been ascertained either by the exhibition of the original invoice thereof or by appraisement, at the option of the owner, importer, or consignee, and until the duties thereon shall have been paid, or secured to be paid, and a permit granted by the collector for the delivery thereof."

*Alexander P. Ketchum* and *Henry E. Tremain*, for plaintiffs.

*Edward Mitchell*, U. S. Atty., and *W. Wickham Smith*, Asst. U. S. Atty., for defendant.

LACOMBE, J. This case, of course, is to be determined according to its own facts, and the law is to be interpreted only so far as it has a bearing upon and connection with those facts. The charges here complained of were those by which it was made possible and practicable for the appraisers, in accordance with those provisions of law which require them to discharge their functions in a single building in the city of New York, to so discharge those functions touching these goods. In this instance, they did not discharge those functions solely in a scrutiny of the

goods, to determine whether or not there was an undervaluation. In this particular case there was no declared value which they undertook to revise. The importer was either unable or unwilling to state the value. By his own choice, he presented no invoice, and by not doing so, as was suggested by counsel for defendant, he saved three or four times the amount of these charges by not having to pay consular fees in London, Liverpool, Glasgow, or wherever the goods came from. He had thus voluntarily put himself in such a position that it became necessary for him, under the law, to ask the assistance of the general government to enable him to make his own declaration as to the value of his goods. I see no reason why, for services of that kind, requested by him from the general government, and which he need not have requested if he had taken the trouble to provide himself with an invoice on the other side, he should not himself pay. For that reason I shall direct a verdict for the defendant.